IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TEXTRON FINANCIAL CORPORATION : | |
|---|---|
| STABILIS SPLIT ROCK JV, LLC | : CIVIL ACTION NO: |
| V. | : 3:CV-11-1957 |
| VACATION CHARTERS, LTD., | : (JUDGE CAPUTO) |

**REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER
DIRECTING RECEIVER, ROPA ASSOCIATES, LLC TO RELEASE
DISPUTED FUNDS IN PAYMENT OF
DEFENDANT'S IRS TAX LIABILITY**

DEFENDANT, VACATION CHARTERS, LTD., Movants, Louis N. DelRosso, Jr., and W. Jack Kalins, by and through their counsel, Brian J. Cali & Associates, and in accordance with Local Rule 7.7 of the Local Rules of Civil Procedure for the United States District Court for the Middle District of Pennsylvania ("Rule 7.7"), and file the following Reply Brief in Support of Motion for Order Directing Receiver, ROPA Associates, LLC to Release Disputed Funds in Payment of Defendant's IRS Tax Liability. In support, Defendant and Movants aver as follows:

I. <u>PROCEDURAL HISTORY</u>:

On September 11, 2015, the Defendant, Vacation Charters, Ltd., filed a Motion and Proposed Order Directing Receiver, ROPA Associates, LLC, to Release Disputed Funds in Payment of Defendant's Tax Liability.

1

On December 21, 2015, Louis N. DelRosso, Jr., and W. Jack Kalins were joined as Movants in Defendant's Motion and Brief.

On December 21, 2015, Defendant, Vacation Charters, Ltd., and Movants, Louis N. DelRosso, Jr., and W. Jack Kalins filed a Brief in Support of Motion for order Directing Receiver, ROPA Associates, LLC to Release Disputed Funds in Payment of Defendant's IRS Tax Liability.

On January 4, 2015, Plaintiff filed its Brief in Opposition to said Motion. Defendant, Vacation Charters, Ltd., and Movant's Louis N. DelRosso, Jr., and W. Jack Kalins now file this Reply to Plaintiff's Brief in Opposition.

## II. REPLY TO STATEMENT OF FACTS:

The Plaintiff's Brief in Opposition to Defendant's Motion at Paragraph 6, accurately states that this Court's Order of November 9, 2011 directed the Defendant, Vacation Charters, Ltd., (VCL) to "deliver or cause to be delivered to the Receiver, all of Defendant's property and effects in any way pertaining or relating to the Resort Complex and other TFC Collateral" *Receiver Order π3*

As stated in Defendant's Brief in Support of its Motion, upon the entry of the November 9, 2011 Order of Court, the Receiver, ROPA gained control over all monies in the Defendant's accounts which included monies collected and withheld from the employees, to be paid to the federal government on behalf of the employees. These monies were not assets of the Defendant or collateral which the Plaintiff may be entitled to, rather these monies were trust funds withheld from employees which Plaintiff has no legal claim.

2

Plaintiff in support of its Opposition avers that nothing in the Receiver Order states that certain funds held by VCL were trust funds. The Order of November 9, 2011 did not distinguish the nature of the assets to be turned over to the Receiver, ROPA. Nothing in the Order of November 9, 2011 suggests the monies were trust funds and nothing suggests the monies were not trust funds. The Order simply directed ROPA to take possession of, manage, operate and preserve <u>all</u> of Defendant's property, *Receiver Order at π1,* which at the time included the trust fund monies.

In fact, the November 9, 2011 Order directed the Defendant to "immediately" "surrender and deliver...all cash or cash equivalents wherever located, including cash or cash equivalents held by any banks or financial institutions..." to the Receiver, ROPA. *Receiver Order at π4.*

Plaintiff itself acknowledges and agrees in its Oppositional Brief that the Receiver Order authorizes the payment of taxes, *Oppositional Brief π9*, Plaintiff's argument that the taxes should not be paid is without merit.

### III. <u>ARGUMENT</u>

#### A. <u>THE RECEIVER ORDER REQUIRES PAYMENT OF THE IRS TAXES</u>

The Petitioner argues in its Brief in Opposition that the Receiver was only required to pay taxes incurred during the Receiver's operation of VCL's assets. Such an averment is contradictory to the Court Order of November 9, 2011. Under the requirements of this Court's November 9, 2011 Order, the Receiver was to pay:

3

11(b). **Payment of taxes to ensure the continued operation of the Resort complex and Resort Business and to protect the liens of the Plaintiff in the Real Property, Resort complex and other TFC Collateral and TD Bank with regard to collateral pledged to TD Ban, as set forth in the Intercreditor Agreement (The "TD Bank Collateral"). ( See Order 11/9/11 π11(b)**

Immediately subsequent to the entry of the November 9, 2011 Order of Court, the Receiver gained possession of assets and began managing the same. All cash, bank accounts and assets were turned over to the Receiver in compliance with the Order including the trust fund monies previously withheld from payroll.

As stated in Defendant's Brief in Support of its Motion, the business was in a period of distress when the Receiver gained control and had many pre-existing debts which the Receiver was required to pay. One of those debts include the 941 Payroll Tax obligation of the business, as follows:

    Form 941   Tax Period Ending: 9/30/2011:   $104,378.74
    Form 941   Tax Period Ending: 12/31/2011: $32,793.41
    **TOTAL TAX LIABILITY:**               **$137,172.23**

The above stated taxes are derived from the following:

| | |
|---|---|
| Federal Withholding: | $60,781.32 |
| Social Security Withholding: | $15,859.58 |
| Medicare Withholding: | $5,478.94 |
| Employers Social Security: | $44,611.17 |
| Employers Medicare: | $10,433.26 |
| **Total Tax Liability:** | **$137,172.23** |

The taxes owed were legitimate business operating expenses. The obligation to the Internal Revenue Service is created when payroll is issued and taxes are withheld from employees. Although the amounts collected from the

employees were held in VCL's operating account, these funds were in fact "trust" funds to be paid over to the IRS. "Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be *a special fund in trust* for the United States." See Beeler v. United States of America v. Ross and Liebmann, 894 F. Supp. 761 (S.D.N.Y. 1995) (Emphasis added).

The Defendant in the course of its business issued payroll to its employees and withheld the requisite portion of each pay to be paid over to the IRS. The Receiver took possession of those monies but failed to allocate such to the payment of the 941 Payroll Tax. The Defendant, through Movant, Louis N. DelRosso, Jr., advised the Receiver ROPA on multiple occasions that the tax liability must be paid to the IRS since ROPA had possession of the funds collected for the tax, however, the Receiver has not paid the same.

Plaintiff in its oppositional Brief in Paragraphs π18 and π19 is making unsupported assertions as to what Receiver was to pay. What is clear and uncontroverted is what the Order requires. The Court Order of November 9, 2011 sets forth in express detail what assets were to be turned over the Receiver and what the Receiver was required to pay. Clearly, in Paragraph 11(b) of said Order, taxes were to be paid. Most importantly is that the monies collected and withheld for the payment of these taxes are not assets of VCL rather they are the "trust" monies held for the IRS.

5

## B. VCL HAS DEMONSTRATED THAT THE FUNDS TO PAY THE IRS ARE IN POSSESSION OF ROPA

The November 9, 2011 Court Order required the Defendant to turn over "immediately" all assets including but not limited to cash or cash equivalents held by any banks or financial institutions arising from the operation or of income from the Real Property, Resort Complex or other TFC Collateral. *Receiver Order* $\pi 4$

The 941 Payroll Tax obligation is clearly derived from operation of the Defendant's business. The funds to pay these taxes were collected when payroll was issued to be paid over to the IRS. At the entry of the Court's Order on November 9, 2011 all funds, including those funds held for the payment of the 941 payroll tax obligation were transferred to the Receiver. The Receiver was notified of the outstanding tax obligation but failed to pay the same.

Consistent with the Order, the Receiver did pay to the Pennsylvania Department of Revenue, the state portion of the trust funds for sales tax and state income tax withheld from employees for the same period. There is no viable explanation or justification as to why the federal portion of these taxes have not been paid.

Plaintiff in its oppositional brief alleges that at the transfer of the assets to ROPA there were no funds earmarked for payment of these taxes. Plaintiff fails to recognize that the funds collected and withheld at issuance of a payroll are considered "trust fund" monies whether isolated into a separate account or deposited into a business operating account. See Beeler, 894 F.Supp 761. The Plaintiff cannot deny that payrolls were issued for the periods in question, that

6

employees were paid as a part of the operational expense of VCL, that VCL turned over all accounts and all funds upon the entry of the November 9, 2011 Court Order. Additionally, said Order expressly requires the payment of the operating expenses of said business including taxes.

Plaintiff wrongfully asserts in its Brief that the IRS tax obligation was not assessed until April 16, 2012 and May 14, 2012. Despite any statement of tax liability, the tax obligation to the IRS was created when the payroll was issued. Funds were withheld from the employees pay as the employer, VCL, was required to do. These funds are not in any way deemed to be assets of VCL, rather they are in fact trust fund monies collected from employees, to be paid over the IRS regardless of whether they were held in the VCL business operating account or a separate account.

The Plaintiff does not have priority in these funds as they cannot in any manner be deemed an asset of VCL.

### C. DEFENDANT'S MOTION FOR ORDER DIRECTING RECEIVER TO RELEASE THE DISPUTED FUNDS IN PAYMENT OF THE DEFENDANT'S IRS TAX LIABILITY SHOULD BE GRANTED.

Plaintiff avers in its brief that Receiver ROPA had an ability to pay administrative expenses of the receivership estate and "all taxes incurred during its operation of VCL's assets." *Plaintiff's brief 17.* Plaintiff next argues that nothing in the Receiver Order authorizes ROPA to pay all pre-receivership expenses and obligations of VCL. *Plaintiffs Brief π19.* In its final argument, Plaintiff avers that

7

ROPA worked with the Plaintiff to evaluate when a business justification existed to subordinate Plaintiff's lien to a pre-receivership claim. *Plaintiff's Brief π24.*

Plaintiff seems to be asserting that it controls what the Receiver pays and does not pay. Plaintiff is asserting that the $137,172.23 currently held in escrow by ROPA is Plaintiff's money pursuant to its First Priority Security Interest. What Plaintiff fails to recognize is that when all funds were transferred to the Receiver, the funds included monies taken from employees pay at payroll, which were the "trust" monies to be paid to the government on behalf of the employees. These are not assets. They are trust monies, monies that are collected when the payroll is issued and are to be paid into the IRS in the form of 941 payroll taxes.

There is no requirement that these monies were to be isolated or separated. They were monies available in the operating funds of VCL and Defendants were required by Court Order to transfer those monies and all monies to the Receiver which it did. Defendant and Movants notified ROPA that such tax was due and was not paid, however, ROPA refused to pay such without direction from the Court. The Receiver did pay the Pennsylvania State portion of the taxes, however, it failed to pay the federal portion which all resulted from the same period.

The payment of the 941 Payroll tax is within the scope of this Court's November 9, 2011 Order of Court. Plaintiff fails to recognize that although it has a first priority security interest in the VCL assets, it has absolutely no interest in monies in question in that the funds held by ROPA in escrow are clearly not assets of VCL and must be paid to the United States.

In its Brief, Plaintiff avers that it conferred with the Receiver as to which Pre-Receiver debt it would agree to subordinate it's lien to. Such appears to be biased and non-equitable. "[A] receiver is an officer of the courts of the United States. . ." **Ely Valley Mines, Inc. v. Hartford Accident & Indem**. Co., 644 F.2d 1310, 1312 (9th Cir.1981). Assuming Plaintiff has the right to dictate what debt it will subordinate its lien to, it does not have the right to dictate that ROPA cannot pay the IRS Tax Liability as these monies are not VCL assets subject to Plaintiff's Lien.

Plaintiff should have no authority over the funds in question. There is no dispute that payrolls were issued for the periods in question. The Defendant's business was operating and employees obviously were being paid. From those wages monies were withheld and were to be paid into the IRS in the form of the 941 Payroll Tax. The Receiver gained control of all funds upon entry of the November 9, 2011 Order of Court and Defendant therefore was unable to pay the tax. Defendant notified Receiver of the Tax liability, Receiver was prepared to pay the tax but demanded a Court Order directing such because Plaintiff disputed such. Plaintiff should have no control over these funds which clearly were collected to be paid to the IRS. Receiver paid the PA Department of Revenue and should have also issued payment to the IRS.

It is not equitable that the Movant's Louis N. DelRosso, Jr., and W. Jack Kalins personally be attached and liened by the IRS and that they personally suffer financial detriment for a payroll tax obligation of VCL, which was a direct operating

expense of the business and for which monies were available to pay at the time the Receiver took possession of all assets.

The Plaintiff will not be prejudiced by an Order directing the Receiver to pay over the escrow monies of $137,172.23 to the IRS because such were never assets subject to the security interest of the Plaintiff.

## iV. CONCLUSION:

Justice can only be accomplished by granting the Defendant's Motion for Order Directing Receiver, ROPA Associates, LLC, to Release Disputed funds in payment of Defendant's IRS Tax Liability.

The Defendant, Vacation Charters, Ltd., and the Movants, W. Jack Kalins and Louis N. DelRosso, Jr., request this Honorable Court to grant the Relief requested and to grant Defendants Motion and Direct ROPA Associates, LLC to pay over the escrowed funds of $137,172.23 for the Defendant's 941 Tax Obligation to the Internal Revenue Service.

Respectfully submitted,

_____
BRIAN J. CALI, ESQUIRE
Attorney for Defendant
And Movants
Louis N. DelRosso, Jr., and
W. Jack Kalins
103 East Drinker Street
Dunmore, PA 18512
(570) 344-2029
ID#26069

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TEXTRON FINANCIAL CORPORATION : | |
|---|---|
| STABILIS SPLIT ROCK JV, LLC | : CIVIL ACTION NO: |
| V. | : 3:CV-11-1957 |
| VACATION CHARTERS, LTD., | : (JUDGE CAPUTO) |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Reply Brief in Support of Motion for Order Directing Receiver, ROPA Associates, LLC to Release Disputed Funds in Payment of Defendant's IRS Tax Liability, was served on the following:

**Counsel for Plaintiff**
**Stabilis Split Rock JV, LLC**
Wayne C. Stansfield, Esquire
Reed Smith LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
wstansfield@reedsmith.com

**Counsel for VFI-SPV SI VII Corp.**
Jill Moler Spott, Esquire
Robert P. Sheils, Jr., Esquire
Sheils Law Associates
108 North Abington Road
Clarks Summit, PA 18411
jspottesq@sheillslaw.com
rsheils@sheilslaw.com

**Counsel for Vacation Charters, Ltd.**
Joseph McAleer, Esquire
P.O. Box 278
Lake Harmony, PA 18624
jmcaleer@pa.metrocast.net

**Intervenor for First Northern Bank & and Trust Co.**
James T. Shoemaker, Esquire
600 Third Avenue
Kingston, PA 18704-1867
JShoemaker@HKQLAQ.com

**Intervenor TD Bank. N.A.**
Mark D. Silverschotz, Esquire
Arnold L. Bartfeld, Esquire
Reed Smith, LLP
599 Lexington Avenue
New York, NY 10022

Sean P. Delaney, Esquire
Reeds Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Gregory L. Taddonio, Esquire
Reed Smith, LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Dated: January 11, 2016

Respectfully submitted,

Brian J. Cali, Esquire
103 East Drinker Street
Dunmore, PA 18512
PHONE: (570) 344-2029
FAX: (570) 347-9462
b.cali@brianjcali.com

Attorney for Defendant,
VACATION CHARTERS, LTD.